UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JASON ELLIOTT SMITH,

    Plaintiff,

v.

                                                          Case No. 4:22-cv-171-WS-MJF

DELWYN GERALD WILLIAMS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that Plaintiff's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

### I. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff Jason Elliott Smith, DC# N01693, is a Florida prisoner currently confined at the Columbia Correctional Institution in Lake City, Florida. Doc. 1. Smith is suing Delwyn Gerald Williams, who is a pastor at the St. John (Missionary)

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Baptist Church in Panama City, Florida. Doc. 1 at 2. Smith claims that Williams violated Smith's "civil rights" in 1989-1990, when Williams sexually molested Smith (then 11-12 years old) while Williams was a pastor at Smith's church. Doc. 1 at 5-7. As relief, Smith seeks the following:

> I would like Pastor Delywn Gerald Williams' Doctorate [sic] of Theology licenses revoked indefinitely to no longer preach at any church, and for mental anguish, to receive money in the amount of $320,000.—(or $32 million).

*Id*. at 7.

## II. SCREENING STANDARD UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

Because Smith is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (companion provision governing civil actions filed by prisoners).

Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in

the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*

### III.  DISCUSSION

**A.    Smith's Complaint Fails to State a Plausible Claim for Relief**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

Smith's complaint fails to state a plausible § 1983 claim against Williams, because Williams is a private party. Smith does not plead any allegations to satisfy one of the three tests necessary to transform Williams into a state actor. *See Rayburn*, 241 F.3d at 1347.

### B.  This Action Should Be Dismissed

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In this case, leave to amend the complaint would be futile because a more carefully drafted complaint cannot save Smith's civil-rights claim against this private-party Defendant. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir.

2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed. . . ."). Smith's complaint does not identify any other federal law that plausibly could provide a basis for relief against Williams in this civil action. This court would not have diversity jurisdiction over a state-law claim against Williams, because Smith's allegations demonstrate that both he and Williams are citizens of the same state. *See* 28 U.S.C. § 1332.

Because the deficiencies in Smith's complaint cannot be cured by amendment, this action should be dismissed without affording Smith an opportunity for a futile amendment of his complaint.

### IV. CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 18th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**