## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JASON ELLIOTT SMITH,

      Plaintiff,

v.                                                    Case No.  4:22-cv-171-WS-MJF

DELWYN GERALD WILLIAMS,

      Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

This matter is before the court upon Plaintiff's "Motion to Voluntarily Dismiss the Case and Motion to Receive a Refund Court Lien/Fees." Doc. 14. For the reasons that follow, the undersigned recommends that Plaintiff's motions be denied.[1]

## I. BACKGROUND

Plaintiff, a Florida prisoner proceeding *pro se*, initiated this action on April 22, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After some delay, Plaintiff eventually filed a complete application for leave to proceed *in forma pauperis*. Doc. 9. Plaintiff's application for leave to proceed *in forma pauperis* included a prisoner consent form in which Plaintiff acknowledged: "I must pay the

_____

[1] The District Court referred Plaintiff's motions to the undersigned.

entire $350.00 filing fee . . . in full. **I AM OBLIGATED TO PAY THE ENTIRE $350.00 . . . FILING FEE REGARDLESS OF THE DISPOSITION OF THE DISTRICT COURT CASE OR APPEAL (including dismissal)**." Doc. 9 at 4.

On July 27, 2022, this court granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. 10. Because Plaintiff had no funds accrued in his prison trust fund account, the court did not assess Plaintiff an initial partial filing fee. *Id*. ¶ 2. The court reminded Plaintiff, however, that "dismissal or other disposition of this action will **NOT** relieve him of the obligation to pay the full filing fee in this case." *Id*. ¶ 6.

On August 18, 2022, the undersigned conducted the mandatory screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. In a Report and Recommendation dated August 18, 2022 ("First R. & R."), the undersigned concluded that Plaintiff's complaint failed to state a plausible claim for relief under § 1983 because Plaintiff was suing a private party, and that allowing amendment of the complaint would be futile because such deficiency could not be cured. Doc. 11. The First R. & R. recommended that the District Court dismiss this case under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief can be granted. Doc. 11.

Plaintiff sought an extension of time to file objections to the First R. & R. Doc. 12. This court granted Plaintiff an extension to October 17, 2022. Doc. 13.

Plaintiff has not filed an objection to the First R. & R. Instead, he has filed a "Motion to Voluntarily Dismiss the Case and Motion to Receive a Refund Court Lien/Fees." Doc. 14. Plaintiff's motion to dismiss acknowledges that he cannot state a claim for relief under § 1983. Doc. 14 at 1. Plaintiff goes on to state: "I'd like to not only dismiss the case but also be [sic] graciously and humbly request for my full refund of $350.00 due to this and the fact that my deposited money was a Government check for Covid-19 received on 8/20/22, NOT a private party." *Id*. at 1.

## II. DISCUSSION

### A.    Plaintiff's "Motion to Voluntarily Dismiss the Case" Should Be Denied

Plaintiff's request for voluntary dismissal is governed by Rule 41(a) of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

**(a) Voluntary Dismissal.**

> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . .
>
> . . . .

**(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .

Fed. R. Civ. P. 41(a).

As Rule 41 states, even if the Defendant has not filed an answer or motion for summary judgment, the unilateral right of Plaintiff to voluntarily dismiss this action is trumped in the event that this action is subject to "any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). This action is subject to the Prison Litigation Reform Act ("PLRA") and, therefore, a voluntary dismissal under Rule 41(a)(1) is subject to the provisions of the PLRA. *Hines v. Graham*, 320 F. Supp. 2d 511, 523-27 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998).

The Eighth Circuit Court of Appeals has noted that

[b]ecause prisoners, even under the PLRA, initially pay a reduced filing fee (they receive, in effect, an interest free loan to pay the full filing fee), *see* 28 U.S.C. § 1915(b), and because prisoners have excessive amounts of free time on their hands, they are more likely than paying plaintiffs to file meritless suits. By allowing district courts to dismiss all meritless claims before service of process and without giving leave to amend, the statute reduces the cost of those suits to the judicial system.

Even more importantly, however, because under the PLRA prisoners can file only three frivolous, malicious, or meritless suits at the initially reduced rate, *see* 28 U.S.C. § 1915(g), the provision, by increasing the likelihood that a prisoner's meritless claim will be dismissed, raises the expected cost to the prisoner of each such filing by pushing him or her one step closer to initially having to pay the full filing fee. Thus . . . the provision both reduces the burdens on the

judicial system and increases the cost to prisoners of filing meritless claims. . . .

*Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g) requires prisoners to be "fiscally responsible" and "make decisions concerning the merits of their case[s]" before filing).

Additionally, as the court in *Hines* observed:

If a prisoner is allowed to dismiss his complaint without prejudice . . . after the magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scare judicial resources.

*Hines*, 320 F. Supp. 2d at 527.

The PLRA, therefore, forecloses Plaintiff from unilaterally dismissing this case for the purpose of avoiding the entry of a post-screening order of dismissal—and a strike against him based on the dismissal—under the PLRA. *See Hines, supra*; *see also, Wilson v. Beardon*, No. 3:20cv5260/LAC/EMT, 2020 WL 3105554, at *1 (N.D. Fla. May 8, 2020) (denying prisoner's motion for voluntary dismissal filed after issuance of a report and recommendation that recommended dismissal of the case under the PLRA), *report and recommendation adopted*, No. 3:20-cv-5260-

LAC/EMT, 2020 WL 3104054 (N.D. Fla. June 11, 2020); *Walker v. Sec'y, Dep't of Corr.*, No. 5:12-cv-340-RS/GRJ, 2013 WL 8445033, at *1 (N.D. Fla. Oct. 10, 2013) (striking prisoner's notice of voluntary dismissal for the same reason); *Stone v. Smith*, No. CV608–088, 2009 WL 368620, at *1–2 (S.D. Ga. Feb. 13, 2009).

The same considerations counsel against this court entering an order granting Plaintiff a voluntary dismissal under Rule 41(a)(2). Allowing a voluntary dismissal—after this court has completed screening of the complaint and determined that the case is subject to dismissal—would enable Plaintiff to frustrate Congress's intent in enacting the PLRA, which is to discourage prisoners from filing baseless lawsuits. *Hines*, 320 F. Supp. 2d at 526.

Because Plaintiff is not authorized to voluntarily dismiss this case by filing a notice of voluntary dismissal under Rule 41(a)(1)(A), and because it would be improper for the court to permit Plaintiff to voluntarily dismiss this case under Rule 41(a)(2) to avoid accumulating a strike under the PLRA, Plaintiff's motion to voluntarily dismiss this case should be denied.

## B.    Plaintiff's Motion for a Refund of the Filing Fee Should Be Denied

Plaintiff alleges that the $350.00 filing fee was deducted improperly from his inmate account and forwarded to the clerk of this court to satisfy the filing-fee lien imposed under 28 U.S.C. § 1915. Plaintiff asserts that he is entitled to a refund

because (1) the source of that deposit was a government stimulus check for COVID-19 relief in the amount of $1,859.00, and (2) the payment exceeded the "20 percent" provision of 28 U.S.C. § 1915(b)(2). Doc. 14 at 1-2. Plaintiff states that he need[s] a few weeks or a month extension [sic] to exhaust [his] remedies at the Institutional level" concerning his request to "credit[ ] back" the $350.00 payment. Doc. 14 at 2.

To date, the docket in this case does not reflect the receipt of any payments toward the filing fee. Regardless, Plaintiff was advised—and he acknowledged on the consent form filed with his IFP application—that the dismissal of this action—whether voluntary or involuntary—does not relieve him of the obligation to pay the full $350.00 filing fee. A court cannot refund or waive the filing fee. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner *brings* a civil action . . . in forma pauperis, the prisoner *shall be required* to pay the full amount of a filing fee.") (emphasis added); *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d. Cir. 2009) ("It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits – appellants are not entitled to the return of their filing and docketing fees.").

Additionally, Plaintiff has not shown that the Florida Department of Corrections acted improperly. Neither § 1915, nor any other law, exempts government COVID-19 stimulus checks from the requirements of § 1915(b)(2).

Furthermore, § 1915(b)(2) *requires* Plaintiff to make monthly payments to the court of *20 percent* of the preceding month's income credited to his prison account. And the statute *requires* the FDC to forward such payments from Plaintiff's account to the clerk of this court—each time the amount in the account exceeds $10—until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). A payment of $350.00 on a deposit of $1.859.00 does not exceed the 20 percent provision.

### III.  CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1.     Plaintiff's "Motion to Voluntarily Dismiss the Case and Motion to Receive a Refund Court Lien/Fees," including Plaintiff's request to delay the dismissal of this case to allow him to file administrative grievances concerning the deduction of the $350.00 filing fee from his inmate account, Doc. 14, be **DENIED**.

2.     This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for the reasons set forth in the First Report and Recommendation, Doc. 11.

3.     The clerk of court be directed to close this case file.

At Pensacola, Florida, this 20th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**